# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Welcome Corp.

v.

Bendall et al.

July 8, 1999

Case No. CL980490

BY JUDGE ALFRED D. SWERSKY

This matter is before the Court on Plaintiff's action for a declaratory judgment to determine who was driving its rental car at the time of an accident occurring on August 17, 1996, in South Carolina. Plaintiff, in the business of leasing automobiles and a self-insurer, has further asked the Court to determine its obligation, if any, to provide indemnity to the driver.

The Motion for Judgment asserts that Denise Carter-Sarpong was operating the motor vehicle at the time and that she was not listed as a renter nor as an alternate driver on the contract between Plaintiff and Rona Carter, the renter of the vehicle. Plaintiff argues that it has no obligation to provide indemnity to the driver since it is self-insured and Carter-Sarpong did not have its permission to drive the vehicle.

For reasons that follow, the Plaintiff's motion for a declaratory judgment will be denied.

In view of the conflicting evidence, the inconsistent statements of the parties made at the scene and shortly thereafter, and the testimony of the witnesses to the accident, the statements made by Carter and Carter-Sarpong in their depositions are of suspect credibility. Virginia's evidentiary rules permit a trier-of-fact to find that the prior inconsistent statements of a party are true. See Code of Va. §§ 8.01-403, 8.01-404; *Shelton v. Mullins*, 207 Va. 17 (1966). Under these circumstances, the Court finds that Plaintiff has not met its burden of proving by a preponderance of the evidence its assertion that Carter-Sarpong was the driver of the car at the time of the accident.

In view of this holding, it is not necessary for the Court to go further and to adjudicate Plaintiff's liability for indemnity if Carter-Sarpong were the driver.